NOT DESIGNATED FOR PUBLICATION

No. 124,118

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARCUS JACKSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER L. MYERS, judge. Opinion filed May 27, 2022. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Milesha Segun*, assistant district attorney, *Zahi Omari*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and GARDNER, JJ.

PER CURIAM: A jury convicted Marcus Jackson of one count of aggravated burglary and one count of eluding a police officer. After an unsuccessful direct appeal, Jackson filed a pro se K.S.A. 60-1507 motion which the district court denied after an evidentiary hearing. Jackson appeals, claiming that his trial counsel was ineffective for not pursuing a *Franks* hearing and suppressing evidence from a tracking device police had installed on his car.

1

*Factual and Procedural Background*

A jury convicted Jackson of aggravated burglary and felony eluding a police officer. Part of the evidence against Jackson came from a GPS tracker that police had placed on his Buick Rendezvous after getting a search warrant authorizing them to do so. Before trial, Jackson moved pro se to suppress the evidence obtained from the GPS tracker. The district court held a hearing and denied the motion, finding the affidavit supporting the warrant established probable cause.

Soon after his conviction, Jackson moved to dismiss his trial counsel based on ineffective assistance, and the district court appointed new counsel. Jackson later moved for a new trial, asserting, in part, ineffective assistance of trial counsel. He later withdrew that motion in exchange for a plea agreement. The district court sentenced Jackson to 84 months' imprisonment.

After losing his direct appeal, *State v. Jackson*, No. 119,235, 2019 WL 491206, at *6 (Kan. App. 2019) (unpublished opinion), Jackson filed a voluminous pro se K.S.A. 60-1507 motion. That motion included an argument that trial counsel was ineffective for failing to pursue a *Franks* hearing to challenge the affidavit supporting the search warrant. The district court appointed counsel for Jackson.

The district court then held an evidentiary hearing that focused mainly on ineffective assistance of counsel. Trial counsel testified and admitted that Jackson had asked him to challenge the GPS evidence and to try to suppress the evidence it had garnered. Trial counsel had reviewed the affidavit in support of the search warrant then decided not to challenge the search warrant. He found the only discrepancy in the affidavit was the color of the Buick Rendezvous—a technicality that did not defeat probable cause. The district court agreed. It denied Jackson's 60-1507 motion, finding

2

Jackson's attorney was not deficient in his performance and did not prejudice Jackson. Jackson appeals.

*Did the District Court Err in Finding Trial Counsel Did Not Provide Ineffective Assistance?*

Jackson raises only one issue—whether the district court erred in finding trial counsel was not ineffective for failing to pursue a motion for a *Franks* hearing. Jackson argues the search warrant was defective because it listed the wrong color for his vehicle and trial counsel failed to challenge the warrant on this basis.

Because the trial court conducted a full evidentiary hearing, we use a mixed standard of review to analyze the district court's findings of fact and conclusions of law. See *State v. Adams*, 311 Kan. 569, 577-78, 465 P.3d 176 (2020). We determine whether substantial competent evidence in the record supports the district court's factual findings, and we determine de novo whether the factual findings support the district court's legal conclusions. *Balbirnie v. State*, 311 Kan. 893, 897-98, 468 P.3d 334 (2020).

We focus, as Jackson does, on his claim that his trial counsel provided ineffective assistance. The Sixth Amendment to the United States Constitution guarantees an accused in a criminal prosecution the right to assistance of counsel, applied to the states through the Fourteenth Amendment to the United States Constitution. *Khalil-Alsalaami v. State*, 313 Kan. 472, 484-85, 486 P.3d 1216 (2021). The right to counsel includes the right to effective assistance of counsel to ensure a criminal defendant receives a fair trial. We analyze claims of ineffective assistance of counsel under the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), adopted by the Kansas Supreme Court in *Chamberlin v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985). *Khalil-Alsalaami*, 313 Kan. at 485. The defendant must satisfy both prongs:  (1) that defense counsel's performance was deficient under the totality of the

3

circumstances; and (2) that the deficient performance prejudiced the defendant meaning a reasonable probability exists a different result would have occurred without the deficiency. *Adams*, 311 Kan. at 578; see *Strickland*, 466 U.S. at 687.

To establish deficient performance under the first prong, "'the defendant must show that counsel's representation fell below an objective standard of reasonableness.' *Strickland*, 466 U.S. at 688." *Khalil-Alsalaami*, 313 Kan. at 485. A court's scrutiny on an attorney's past performance "is highly deferential and viewed contextually, free from the distorting effects of hindsight." 313 Kan. at 485. The court indulges in a strong presumption that counsel's conduct falls within the wide range of reasonable, effective representation. *Strickland*, 466 U.S. at 688.

Under *Strickland*'s second prong, a defendant must show the attorney's deficient performance was prejudicial.

> "To do so, defendant must establish with reasonable probability that the deficient performance affected the outcome of the proceedings based on the totality of the evidence. '"A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury.'" [Citations omitted.]" *Khalil-Alsalaami*, 313 Kan. at 486.

It is within the lawyer's province to decide what witnesses to call, whether and how to conduct cross-examination, as well as other strategic and tactical decisions. Strategic decisions made after a thorough investigation of law and facts are "'virtually unchallengeable.'" 313 Kan. at 493. But strategic choices made after less than complete investigations are reasonable to the extent reasonable professional judgments support the limitations on the investigation. *State v. Butler*, 307 Kan. 831, 853-54, 416 P.3d 116 (2018). "'"In any ineffectiveness case, a particular decision not to investigate must be

4

directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'" [Citations omitted.]" 307 Kan. at 854.

Jackson alleged his trial counsel was deficient for not pursuing a *Franks* hearing because the affidavit in support of the search warrant stated the wrong color for his Buick Rendezvous. See *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). According to Jackson, his car is champagne or cream, while the affidavit listed its color as silver. Jackson acknowledges that his trial counsel's decision not to pursue a *Franks* hearing was a strategic choice but he argues trial counsel's testimony at the 1507 hearing lacked any explanation to support that decision, as is necessary.

We disagree. The record shows that Jackson's trial counsel reviewed the affidavit, considered Jackson's claims, and found the color discrepancy to be a technicality that did not defeat the affidavit. At the 1507 hearing, trial counsel explained he had not pursued a *Franks* motion even though Jackson had asked him to because he did not believe there was a sufficient basis to challenge it—he viewed the only discrepancy as an immaterial "technicality." If he is correct, that is good reason not to pursue a *Franks* hearing.

The challenger must make more than a conclusory allegation supported by a mere desire to cross-examine to require an evidentiary hearing. *Franks*, 438 U.S. at 171. This is partly because a presumption of validity attaches to an affidavit supporting the search warrant. In *Franks*, the United States Supreme Court established a high bar for the kind of hearing Jackson contends his attorney should have requested:

> "[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." 438 U.S. at 155-56.

5

If, at that hearing, the defendant establishes his allegation of perjury or reckless disregard by a preponderance of the evidence, and the affidavit's content with its false material removed cannot establish probable cause, then the search warrant must be voided, and the fruits of the search excluded. 438 U.S. at 156.

The defendant must allege deliberate falsehood or reckless disregard for the truth, and those allegations must accompany an offer of proof, pointing out the specific portion of the warrant affidavit claimed to be false, and accompanied by a statement of supporting reasons. That proof should take the form of affidavits or sworn or otherwise reliable statements of witnesses. If that proof is absent, the absence must be satisfactorily explained.

> "Allegations of negligence or innocent mistake are insufficient. . . . [I]f these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." 438 U.S. at 171-72.

If the remaining content is insufficient, a defendant is entitled to a hearing, but whether the defendant will prevail is a different issue. 438 U.S. at 172.

The Kansas Supreme Court applies an elements test to determine whether a *Franks* hearing is required:

> "Under the *Franks* exception, an evidentiary hearing is required if a defendant shows by a sworn allegation that an affidavit in support of a search warrant is unreliable in that it: (1) contains statements that are material to the issuance of the search warrant because the statements were necessary to find probable cause and (2) the material statements (a) were a deliberate falsehood, (b) were made in reckless disregard for the truth, or (c) deliberately omitted a material fact." *State v. Adams*, 294 Kan. 171, 179, 273 P.3d 718 (2012).

6

Jackson meets none of those requirements. First, our review of the affidavit in support of the search warrant fails to support Jackson's assertion of a color discrepancy. The affidavit does state that a canvas of a neighborhood to which a stolen iPad was tracked revealed a silver SUV. But the affidavit refers to the Buick Rendezvous law enforcement was seeking to attach a tracker to as "light or silver colored," "light colored possibly silver," and "silver or light colored." The affidavit thus stated the Buick Rendezvous was light colored or silver, not just silver. Jackson did not include a picture of his car as evidence, but cream and champagne qualify as "light colored." So Jackson fails to show that the affidavit contained any false information or deliberate omission.

Second, even if we assume that the officer's affidavit contained some car color discrepancy, Jackson did not provide any affidavit or sworn statement alleging that the affidavit's car color discrepancy was a deliberate falsehood, was made in reckless disregard for the truth, or was a deliberate omission. See *Adams*, 294 Kan. at 179. Nor did he testify to anything of the sort at trial. Without that affidavit, trial counsel could not have succeeded on any request for a *Franks* hearing.

Third, even if trial counsel had moved for a *Franks* hearing, and if the district court had found that the officer's affidavit contained a deliberate falsehood, the district court still would not have held a hearing because the affidavit's remaining information was enough to support probable cause. The affidavit had the correct make and model of Jackson's vehicle and it tied the vehicle to an address connected with Jackson. It also connected Jackson with Carl Williams, another suspect in this burglary and in several other thefts, and it described law enforcement's suspicion of their participation in several other thefts. The information in the affidavit was still enough to support the search warrant even if one deletes all references to the car's color. Thus, the failure to pursue a *Franks* hearing did not prejudice Jackson. See 438 U.S. at 155-56.

Jackson thus established no basis to support a *Franks* motion. The failure to bring a motion that the district court would have denied cannot sustain a claim for ineffective assistance of counsel. See *State v. Gleason*, 277 Kan. 624, 648, 88 P.3d 218 (2004) (finding counsel was not ineffective for failing to object to admissible, relevant evidence that the court would have admitted even if counsel had objected).

We find substantial competent evidence supporting the district court's factual findings, and we agree with its legal conclusions that Jackson's trial counsel's performance was not deficient and that his performance did not prejudice Jackson.

Affirmed.